## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| HALIMA TARIFFA CULLEY, on behalf of herself and those similarly situated as described below, | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| STEVE MARSHALL, in his official capacity as the Attorney General of the State of Alabama; ASHLEY RICH, in her official capacity as the District Attorney of the 13th Judicial Circuit of Alabama (Mobile County); and the CITY OF SATSUMA, ALABAMA, | ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Halima Tariffa Culley states the following as to her Complaint against Steve Marshall, in his official capacity as the Attorney General of the State of Alabama; Ashley Rich, in her official capacity as the District Attorney for the 13th Judicial Circuit of Alabama (Mobile County); and the City of Satsuma, Alabama[1]:

---

[1] When "State of Alabama", "the State", or "State" are used herein, Mr. Marshall and Ms. Rich, in their official capacities are included in the reference.

## I. **PARTIES**

1.    Halima Tariffa Culley is over the age of nineteen (19), and is a resident of Rockdale County, Georgia.

2.    Defendant Steve Marshall, in his official capacity as the Attorney General of the State of Alabama is the chief law enforcement officer of the State of Alabama, subject to suit for prospective injunctive relief under 42 U.S.C. §1983. Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 73 (1995).

3.    Ashley M. Rich, in her official capacity as the District Attorney for the 13th Judicial Circuit of Alabama, is the chief law enforcement officer for Mobile County, Alabama, and the party through which the State of Alabama is acting in the civil forfeiture action described below.

4.    The City of Satsuma, Alabama, is a municipal corporation organized under the laws of the State of Alabama, and subject to suit.

## II. **JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this case under 28 U.S.C. § 1331, Federal Question jurisdiction, because the case is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983, for violation of the Due Process clause of the Fourteenth Amendment to the United States Constitution.

6.     Part of the relief requested herein is an injunction enjoining unconstitutional state action.  The law allows a § 1983 action to go forward against a state actor to enjoin unconstitutional activity.

7.     Actions brought under 42 U.S.C. § 1983 to enjoin state courts are not prohibited by the anti-injunction statute, 28 U.S.C. § 2283, because they are an "expressly authorized" exception to the ban on federal injunction of state court proceedings.  Mitcham v. Foster, 497 U.S. 225 (1972).

8.     The Complaint also states a damages claim against the City of Satsuma, Alabama under 42 U.S.C. § 1983 for conspiracy between the City of Satsuma and the State of Alabama to violate the constitutional rights of Ms. Culley and the class stated herein.

## III.  BACKGROUND AND INTRODUCTION

### A.    Alabama's Civil Forfeiture Statue.

9.     The Alabama Uniform Controlled Substance Act, Ala. Code § 20-2-1 (1975), _et. seq._, contains a section providing for the forfeiture, not only of controlled substances, but of, "all monies . . . intended to be furnished by any person in exchange for a controlled substance . . . [or] used or intended to be used to facilitate any violation of any law of this section concerning controlled substances . . ."  Ala. § 20-2-93 (1975).  ("The Civil Forfeiture Act")  In addition to the forfeiture of property or cash connected to a transaction involving controlled substances, the Civil

Forfeiture Act provides for the forfeiture of vehicles or conveyances used or intended to be used to transport, or in any way facilitate, a transaction in violation of the Controlled Substances Act, Ala, Code § 20-2-93 (1975).

10.    The Civil Forfeiture Act provides for the seizure of property used or intended to be used in the commission of violations of the Controlled Substances Act "upon process issued by any court having jurisdiction over the property."  Ala. Code § 20-2-93(b)(1975).  The Act, however, provides that property may be seized without process if the seizure is incident to an arrest or a search under a search warrant or an inspection, . . . the property has been the subject of a prior judgment in favor of the state for a criminal injunction . . . [there is] probable cause to believe that the property is . . . dangerous, or probably cause to believe that the property was used or is intended to be used in violation of the Alabama Controlled Substances Act.  Ala. Code § 20-2-93(b).

11.    The Civil Forfeiture Act states that seized property is not even subject to a replevin action, but "is deemed to be in the custody of the state, county, or municipal law enforcement agency subject only to orders and judgment of the court having jurisdiction over the forfeiture proceedings." Ala. Code § 20-2-93(d).  In other words, those who have had their property seized have no access to their property, or ability to replevin or re-acquire their property, other than to defend an

action brought against them through the civil litigation process, which could take months while the defendants have been deprived of their property.

12.     This case is not about the initial seizure, or the ultimate decision at trial in civil forfeiture actions.  It is about the fact that the State, in conjunction with the City of Satsuma, Alabama, seizes vehicles and other property and retains custody of it while the civil forfeiture action, which could take months, if not years to resolve, is pending.  Moreover, the statute states, "An owner's or bona fide lienholder's interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed . . . and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use."  Ala. Code. § 20-2-93(h).  In short, there is a seizure, and in order for one not even charged with a crime to get his or her property back, the burden is placed on the property owner to prove he or she had no involvement.

13.     While statistics of the actual value of property and cash seized, statewide, are not readily available; in 2014, in fourteen counties according to the Southern Poverty Law Center, the courts awarded over $2,100,000 in cash to various law enforcement agencies, along with 405 weapons and 119 vehicles, which were

presumably sold, and the monies sent to the general fund of the jurisdictions of award.

14.    In approximately 25% of the 2014 civil forfeiture cases studied by the Southern Poverty Law Center, criminal charges were not brought against the owner of the property.

15.    The money collected in civil forfeiture actions in Alabama, per the statute, are awarded by order of the court, "and distributed by the court to the municipal law enforcement agency or department, and/or county law enforcement agency or department, and/or state law enforcement agency or department, following a determination of the court of whose law enforcement agencies or departments are determined by the court to have been a participant in the investigation resulting in the seizure, and such award and distribution shall be made on the basis of the percentage as determined by the court, which the respective agency or department contributed to the police work resulting in the seizure." Ala. Code § 20-2-93(e)(2).

16.    The result of the forfeiture and the divvying up of the proceeds for civil forfeiture actions is that the law enforcement entities in charge of the forfeiture actions have a direct financial stake in the civil forfeiture action. The state district attorneys' offices often take a percentage of the money awarded in civil forfeiture actions they bring, and the study cited above reports that 42% of the proceeds from civil forfeitures went to police departments. This is "policing for profit," where

police personnel are incentivized to seize property, knowing much of it will be forfeited on default, because it ends up in the department's coffers.

17.    All of this is done without any requirement that the owner of the property be convicted or even charged with a crime.

18.    The State need not prove the owner used the property in the commission of a crime to seize property; or that the owner was convicted of a crime; or that the owner is even charged with a crime.  The property is seized immediately, and subject to the grist of the civil forfeiture action mill.

19.    A system has been created whereby the State of Alabama, and its local and municipal agents doing the policing, seizes property, and the only process undertaken is the institution of a civil forfeiture action against the property and its owners.

20.    The only recourse for one who's property has been seized is to defend that civil action.  However, even if successful in defending that civil action, the following are true:  (1) the Plaintiff Class members are deprived of their property during the pendency of the action; (2) in order to successfully defend the civil forfeiture action, the Plaintiff Class has to hire counsel and pay counsel to recover assets taken from them in the initial seizure; and (3) those assets are originally seized without any process.

21.     The practices have been held to be subject to scrutiny under the 8th and 14th Amendments to the Constitution, and fail to meet basic standards of due process.

## IV.  FACTS OF THE CASE

22.     Ms. Culley is a resident of Rockdale County, Georgia, where she is employed as a nurse.

23.     Ms. Culley has a 23 year old son, Tayjon, who is a student at the University of South Alabama, in Mobile, Alabama.

24.     When Tayjon went to college at South Alabama, Ms. Culley bought a 2015 Nissan Altima for his use.

25.     While the car was purchased for Tayjon Culley's use, it is titled to Ms. Culley, and registered in the State of Georgia.

26.     Ms. Culley pays the registration, and keeps the car insured.

27.     On or about February 17, 2019, Ms. Culley's son, Tayjon, was arrested and charged with possession of marijuana and drug paraphernalia.

28.     Incident to that arrest, police officers of the City of Satsuma, Alabama, seized Ms. Culley's automobile.

29.     Ms. Culley has not been charged with a crime, and she had no knowledge that her son, in another state, had marijuana or paraphernalia, and could not have, under any circumstance, prevented him from committing the alleged crime.

30.     Upon learning that her car had been seized incident to the arrest of her son, Ms. Culley contacted the City of Satsuma, Alabama, and made efforts to retrieve her vehicle.

31.     The efforts to retrieve her vehicle by Ms. Culley have been ongoing, but she has been unsuccessful.  The City of Satsuma, has retained her vehicle for more than six months since its original seizure in February of 2019.

32.     Instead of returning her vehicle, the City of Satsuma made known to the State of Alabama, through Ashley M. Rich, the District Attorney for the 13th Judicial Circuit of Alabama (Mobile County), that it had seized Ms. Culley's vehicle. The State of Alabama and Ms. Rich are sometimes referred to collectively as "the State."

33.     The State, with the full cooperation of the City of Satsuma, and in conjunction with the City of Satsuma, did not return Ms. Culley's vehicle.  Instead, the State instituted a civil forfeiture action against Ms. Culley and her vehicle on or about February 27, 2019.

34.     Indeed, the agreement between the State and the City of Satsuma, Alabama is that the City notifies the State, through the District Attorney, that it has seized property.  The State then institutes civil forfeiture actions while the City, by agreement retains the property, and will not return it to an owner while the action proceeds.

35.     Ms. Culley has appeared in the civil action, and has continued to try to work with the City of Satsuma to get her vehicle back, but to no avail.  Instead, Ms. Culley is left to defend a civil forfeiture action.

36.     While she defends the civil forfeiture action, and without any proof she knew anything about the alleged crime, Ms. Culley has been without her car.

37.     The car was supposed to come home with her son this summer for use by Ms. Culley, her son, Tayjon, and another child, of driving age, but it did not, creating transportation difficulties.   Moreover, Ms. Culley continues to pay insurance premiums on a car she has no access to.

38.     Not only has Ms. Culley been deprived of her vehicle, but she has been given no opportunity to present any case requiring the State to at least show probable cause that her automobile was used in a crime with her knowledge, or that there is no less restrictive way, i.e., the posting of a bond, to secure the vehicle should the State be ultimately successful in the forfeiture action.

39.     Under Alabama's Civil forfeiture statute, Ms. Culley's only chance to redeem her vehicle is to contest the forfeiture action, a process that could take many more months.

## V. **CLASS ALLEGATIONS**

40.   <u>Class Definition</u>:  Pursuant to Fed.R.Civ.P. 23(a), (b)(1), and (b)(2),

Plaintiff brings this action on behalf of herself and all others similarly situated, as

members of the proposed Plaintiff Class.  That class is:

> All persons who have had their property seized by the City
> of Satsuma, Alabama, have not been charged with a crime,
> and have had a civil forfeiture action filed against them
> from four years prior to the filing of this action, to the
> present.

41.   <u>Numerosity</u>: The members of each class and subclass are so numerous

that their individual joinder would be impracticable in that: (a) the Class includes at

least hundreds of individual members; (b) the precise number of Class members and

their identities are unknown to Plaintiffs, but are available through public records,

and can easily be determined through discovery; (c) it would be impractical and a

waste of judicial resources for each of the at least hundreds of individual class

members to be individually represented in separate actions; and (d) it is not

economically feasible for those class members to file individual actions.

42.   <u>Commonality/Predominance:</u> Common questions of law and fact

predominate over any questions affecting only individual class members. These

common legal and factual questions include, but are not limited to, the following:

> a.   Whether <u>ex parte</u> seizures of property, without a
> prompt post-seizure hearing, are violations of the
> Fourth Amendment and the Due Process Clauses of

the Fifth and Fourteenth Amendments to the United States Constitution.

b.   Whether it is a violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution for property to be seized without providing a prompt hearing at which time the State and its local law enforcement agents must show some exigency for the seizure of property, some preliminary showing that the property is connected to a crime, and some reason why a less restrictive method of security is not proper.

c.   Whether Ala. Code § 20-2-93(1975), is unconstitutional in part because it does not provide for a meaningful, prompt hearing after property has been seized, and only calls for the litigation of a civil forfeiture under the ordinary Rules of Civil Procedure.

d.   Whether a conspiracy to violate the constitutional rights of Ms. Culley and the Plaintiff Class exists between the State and the City of Satsuma, Alabama.

43.   <u>Typicality</u>:  Plaintiff is typical of the claims of the class members. Plaintiff and all class members have been injured by the same wrongful practices. Plaintiff's claim arises out of the same practices and course of conduct that give rise to the claims of the class, and are based on the same legal theories for the class.

44.   <u>Adequacy</u>:  Plaintiff will fully and adequately assert and protect the interests of the class.  Plaintiff has counsel experienced in class actions and complex mass tort litigation.   Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the class or subclasses.

45.     <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is large, the individual damage suffered by each, in many cases, is too small to warrant the expense of individual lawsuits.  The court system would be unreasonably burdened by the number of cases that would be filed if a class action is not certified.

46.     Plaintiff does not anticipate any difficulties in the management of this litigation.

47.     The State and its local law enforcement agents have acted on grounds generally noticeable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole proper.

## COUNT I
**(Claim Against the State That Failing to Provide an Adequate, Prompt, Post-Deprivation Hearing Violates the Fourth Amendment And the Due Process Clauses of  the Fifth and Fourteenth Amendment)**

48.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-47 above.

49.     This claim is brought pursuant to 42 U.S.C. § 1983, which gives persons deprived of Constitutional rights by one acting under color of state law the right to bring a civil action to vindicate those rights.

50.     If a pre-seizure probable cause hearing is not practical, as is the case with the seizure of property incident to an arrest, a prompt post-seizure hearing to establish that Ms. Culley, and others similarly situated, had no knowledge of, or involvement in, the facts leading to an arrest is due.

51.     After seizing or restraining property, the State and its agents have failed to provide Plaintiff and the Plaintiff Class with a prompt hearing at which they would be able to challenge, before a neutral arbiter, the basis for the seizure, and/or indefinite retention of their property, particularly without ever being charged with a crime, pending ultimate determination on the merits of whether the property should be forfeited.

52.     For all practical purposes, the State effects a temporary restraining order as to the property without meeting the elements required for a temporary restraining order: i.e., a clear pleading showing that irreparable harm will result to the State if the ex parte seizure is not effectuated; a likelihood of success on the merits; and or the posting of security.

53.     This action continues, and will continue, unless this Court grants the relief requested.

54.     The State has a policy and practice of seizing property indefinitely, and having the City of Satsuma, Alabama hold it, while the civil forfeiture action proceeds when it knows, or should know, that there is no meaningful opportunity to

contest the retention of the property at a meaningful time before an ultimate hearing on the merits of the forfeiture, which takes months, if not years.

55.     The process afforded defendants in civil forfeiture proceedings does not provide a meaningful means to contest the deprivation of property pendente lite at a meaningful time.   This lack of process violates the Fourth and Fourteenth Amendments to the Constitution.   Even if a civil forfeiture action is filed within weeks of the ex parte deprivation of property, civil forfeiture litigation then takes months to conclude, all the while depriving defendants, many of whom are not ever charged with a crime, not to mention convicted, of their property.   Moreover, defendants in civil forfeiture actions are given no opportunity to show, at a meaningful time, that there is a less restrictive way for the State to secure the property, such as the posting of a bond.

56.     As a direct and proximate result of the actions of the State, through Attorney General Marshall, District Attorney Rich, and local and municipal law enforcement agents like the City of Satsuma, Plaintiff and the Plaintiff Class have suffered irreparable harm to their constitutional rights under the Fourth, and Fourteenth Amendments, including being deprived of their property without notice or an opportunity to be heard.

57.     Moreover, under the Civil Forfeiture Act, there is no provision for a prompt hearing to consider the posting of a bond as security for the property subject

to the civil forfeiture action, which would be a much less restrictive way to secure the State's interest in the property, <u>pendente</u> <u>lite</u>.

58.    Declaratory and injunctive relief is necessary.  Without appropriate declaratory and injunctive relief, the State's unconstitutional policies and practices will continue.

**COUNT II**
**(Violation of the 8th Amendment's Prohibition**
**Against Excessive Fines Against the State)**

59.    This claim is brought pursuant to 42 U.S.C. § 1983, which gives persons deprived of constitutional rights by one acting under color of state law the right to bring a civil action to vindicate those rights.

60.    Ms. Culley and the Class members who were not charged with a crime have had their property retained without due process.

61.    They have been fined by the State because their property has been seized, so even if they are able to get this property back through the civil forfeiture action, they have been deprived of their property in the meantime.

62.    Since Ms. Culley and the Plaintiff Class have not ever been charged with a crime; this forfeiture, even if brief, is by definition excessive under the 8th Amendment to the Constitution of the United States.

63.    Declaratory and injunctive relief, as outlined below, is necessary to remedy the seizure of Plaintiff and Plaintiff Class's property without being charged

with a crime. Without appropriate declaratory and injunctive relief, the State's unconstitutional practices will continue.

## COUNT III
**(Conspiracy Claim Against the City of Satsuma, Alabama Under 42 U.S.C. § 1983 to Violate the Constitutional Rights of Ms. Culley and the Class)**

64.     Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1 through 63 above.

65.     As stated above, Ms. Culley's constitutional rights have been violated, creating an action for injunctive relief under 42 U.S.C. § 1983.

66.     The Supreme Court and the Eleventh Circuit have recognized that a conspiracy to violate constitutional rights states another claim under § 1983. Dennis v. Sparks, 449 U.S. 24, 29 (1980); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988).

67.     To establish a claim for conspiracy to violate constitutional rights under § 1983, a plaintiff must establish: (1) a violation of federal rights; (2) an agreement among defendants to violate such a right; and (3) an actionable wrong. Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2016).

68.     All of the above-referenced elements have been met in this case. Counts I and II lay out in detail the violations of the federal rights of Ms. Culley and the class under the 14th and 8th Amendments. Those allegations are specifically incorporated herein.

69.     There is an agreement between the City of Satsuma and the State to violate Ms. Culley's constitutional rights.  The agreement is that when the City of Satsuma seizes a vehicle incident to an arrest, it will contact the State, who will institute a civil forfeiture action.  The City of Satsuma knows that the State will institute such an action, and it knows that, pursuant to Ala. Code § 20-2-93(c), it will eventually see the proceeds from the disposition of forfeited property.  The City, for its part, keeps the vehicle, and refuses to release it <u>pendente lite</u>, while the civil forfeiture action is prosecuted by the State.  The City of Satsuma knows, or should know, that its holding of property pending prosecution of a civil forfeiture action is an unconstitutional deprivation of the Plaintiff and Plaintiff Classes 4th, 14th, and 8th Amendment rights, but does so anyway at the direction of the State, so that the State can proceed with the civil forfeiture action.

70.     The actionable wrong by the City of Satsuma and the State is the holding of property, <u>pendente lite</u>, with the City of Satsuma, despite all efforts of civil forfeiture defendants, who have not been charged with a crimes, to retrieve the property.

WHEREFORE, Plaintiffs demand compensatory and punitive damages against the City of Satsuma, Alabama.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, on behalf of herself and all others similarly situated, the following relief:

1.  An order certifying this action as a class action under Fed.R.Civ.P. 23(b)(2);

2.  Entry of judgment declaring the following unconstitutional under the Fourth Amendment and Due Process Clauses of the Fifth and Fourteenth Amendments.

    a.  The State and its local law enforcement agents' policy and practice of failing to provide adequate and prompt post-deprivation hearings to individuals whose property has been seized and retained;

    b.  The State and its local law enforcement agents' practice of retaining all seized property and without a prompt post-seizure hearing;

3.  For entry of judgment declaring the State liable for the above-described unconstitutional practices and policies.

4.  For entry of preliminary and permanent injunctions prohibiting the State from engaging in the above-described policies and practices.

5.  For entry of judgment declaring Ala. Code § 20-2-93(b)(c) (1975) unconstitutional, to the extent it forecloses a meaningful hearing at a meaningful time relative to the retention of seized property.

6.  For entry of judgment requiring the State and its local law enforcement agents to:

    a.  Immediately institute hearings on all cases where property has been seized for the purpose of determining whether the State has probable cause to

retain property seized due to a likelihood it was used in a crime, or in the case of a non-charged owner, that said owner had some knowledge of the use of his or her property in a crime.

b.      Immediately institute hearings in each case where property has been seized for the purpose of determining what is a reasonable security for the State to retain seized property.

7.      An award of compensatory and punitive damages to Plaintiff and the Plaintiff class against the City of Satsuma, Alabama for conspiracy to violate 42 U.S.C. § 1983.

8.      An award of attorneys' fees, costs, and expenses of this action pursuant to 42 U.S.C. §1988(b).

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues so triable.


/s/ Brian M. Clark
Brian M. Clark (asb-5319-r78b)
Attorney for Plaintiff

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS,
FISHER, & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email:  bclark@wigginschilds.com

/s/ Allan Armstrong
Allan Armstrong
Attorney for Plaintiff

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

/s/ Darrell Cartwright
Darrell Cartwright
Attorney for Plaintiff

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

Steve Marshall
Attorney General
Office of Attorney General
501 Washington Avenue
Montgomery, Alabama  36104

Ashley Rich
District Attorney for the 13th Judicial
   District of Alabama
205 Government Street
Mobile, Alabama  36644

City of Satsuma, Alabama
5464 Old Highway 43
Satsuma, Alabama  36572